CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 20 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GREGORY O'QUINN, | ) | |
| Plaintiff, | ) | Civil Action No. 7:05-CV-00277 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| RALPH WADE, ET AL., | ) | By: Hon. Glen E. Conrad |
| Defendants. | ) | United States District Judge |

Plaintiff Gregory O'Quinn, a Virginia inmate proceeding pro se, brings this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1331. In his complaint, O'Quinn alleges that he was dragged underneath a tractor while incarcerated at Botetourt Correctional Center (BCC). O'Quinn alleges negligence on the part of several correctional officers (C/O) for failing to train, supervise, and protect O'Quinn, and deliberate indifference to a serious medical need on the part of members of the medical staff. O'Quinn seeks monetary damages and injunctive relief in the form of training C/Os. This action is before the court pursuant to the court's screening function as set out in 28 U.S.C. § 1915A. Because the court finds that O'Quinn has not stated a claim upon which relief may be granted, the court must file and dismiss this suit, pursuant to 28 U.S.C. § 1915A(b)(1).

I. Analysis

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege facts indicating that plaintiff has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988).

## A. Failure to Protect

In order for C/Os to be held liable for failing to protect an inmate, they must know of and disregard an excessive risk to the inmate's health and safety. Farmer v. Brennan, 511 U.S. 825, 838 (1994). In his first claim, O'Quinn alleges that he was ordered under a tractor to fix the starter. O'Quinn alleges that the prior operator had left the tractor in gear and that the tractor started to roll, pinning and dragging O'Quinn. O'Quinn alleges that defendant Wade jumped onto the tractor and stopped it, but that it started rolling again when Wade got off the tractor to see if O'Quinn was alright. O'Quinn alleges that the tractor dragged him for approximately 10-15 feet.

O'Quinn alleges that he received no training as a mechanic or machine operator while incarcerated at BCC. However, O'Quinn's injuries were not the result of his level of expertise in fixing automobiles. O'Quinn's alleged injuries appear to be the result of a prior operator leaving the tractor in gear. O'Quinn has not alleged that the defendants were aware that the tractor was left in gear. O'Quinn alleges that his injuries were the result of "negligent employment, negligent supervision, failure to direct and failure to train." However, negligence is a state, tort-law claim and is not cognizable under 42 U.S.C. § 1983.

## B. Medical Claims

In order to state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege acts sufficient to evince a deliberate indifference to a serious medical condition. Estelle v. Gamble, 429 U.S. 97 (1976). To establish deliberate indifference, a plaintiff must present facts tending to demonstrate actual knowledge or awareness of the serious

medical need on the part of the named defendants. Farmer v. Brennan, 511 U.S. 825 (1994). Mere malpractice on the part of medical personnel is insufficient to state a claim under the Eighth Amendment, Estelle, 429 U.S. at 106, and questions of medical judgment generally are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975).

Moreover, mere disagreements between the inmate and the medical staff as to what is the proper course of treatment do not state a claim upon which relief can be granted. Estelle, 429 U.S. at 107. For a defendant to have been deliberately indifferent, he or she must have drawn a subjective inference that certain actions or a failure to take corrective action would subject plaintiff to unnecessary and significant pain and suffering or would expose plaintiff to a substantial risk of more serious injury. See Johnson v. Quinones, 145 F.3d 164 (4th Cir. 1998).

In claim 2, O'Quinn alleges that on the day of the tractor accident O'Quinn was taken to Medical. The doctor was not in, and a registered nurse, defendant Sfroza, prescribed cream for O'Quinn's abrasions and Motrin for pain. O'Quinn alleges that he saw defendant Dr. Barnes on the following day and that Dr. Barnes could not find anything seriously wrong with O'Quinn. Dr. Barnes prescribed hot showers, ibuprofin, and rest. O'Quinn alleges that a week later he returned to Medical because he was experiencing pain. O'Quinn alleges that defendant Clark saw O'Quinn and had him use his arm, which was difficult to do.

Two days after seeing Clark, O'Quinn was transferred to another facility and left the care of the defendants. O'Quinn alleges that he received x-rays about a month after his transfer and they showed no injuries. According to O'Quinn, the defendants examined him on three occasions and proscribed two different pain medications, as well as other treatment. To the extent that the defendants may have misdiagnosed O'Quinn's injuries, at most O'Quinn has

3

alleged medical malpractice, which is not cognizable under 42 U.S.C. § 1983. To the extent that O'Quinn disagrees with the specific treatment that he received, he has not stated a claim under the eighth amendment. O'Quinn's allegations of mistreatment after he left the care of the defendants is insufficient to show a constitutional violation by the defendants.

## II. Conclusion

O'Quinn has not alleged facts tending to show that the defendants knew of and disregarded an excessive risk to O'Quinn's safety or a serious medical condition. As a result, O'Quinn has not alleged a violation of his constitutional rights. Therefore, this court files and dismisses this civil rights action for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1). An appropriate order will be entered this day.

ENTER: This 20th day of June, 2005.

_____
UNITED STATES DISTRICT JUDGE

4